UNITED STATES Of America, Plaintiff–Appellee,

v.

Luis GORDIANO–VERGARA, Defendant–Appellant.

No. 05–10331.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided July 3, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

David Paul Flannigan, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Rosemary Marquez, Montoya & Marquez, P.L.L.C. Attorney at Law, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,** District Judge.

## MEMORANDUM ***

Defendant–Appellant Luis Gordiano–Vergara was charged with and convicted of: (1) Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846; (2) Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii); and (3) Employment and Use of a Person Under 18 in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1). In addition to the general verdicts of guilty on each of these charges, the jury also returned three special ver-

dicts, including a verdict finding that Appellant had obstructed justice. In determining Appellant's sentence, the District Judge found that a two-level enhancement under the Sentencing Guidelines was appropriate in light of Gordiano–Vergara's efforts to obstruct justice. Appellant contends that the evidence was insufficient to support a conviction and that the imposition of a two-level enhancement was unwarranted because obstruction of justice was not charged in the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. "We review de novo a district court's denial of a motion for judgment of acquittal." *United States v. Bello–Bahena*, 411 F.3d 1083, 1087 (9th Cir.2005). We review challenges to the sufficiency of evidence supporting a conviction to determine whether "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The principal basis for Appellant's Rule 29 motions that were rejected by the district court, and the principal basis for this appeal, is Appellant's contention that the testimony of his co-conspirators was not reliable and should not have served as the basis of his conviction. We must view the evidence in the light most favorable to the government and presume the jury found these witnesses to be credible. *See United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir.2004) ("[T]he credibility of witnesses is a question for the jury, unreviewable on appeal."). Moreover, the testimony of the co-defen-

---

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dants was not the only evidence supporting conviction. Testimony from government agents indicated that Appellant was circling a parking lot where the conspirators were meeting prior to driving onto the highway; he dismantled his cell phone and threw the battery out of the car window while being stopped by police on the highway; and he gave evasive and inconsistent answers when questioned by police. Appellant unconvincingly argues that six other facts, such as the fact that Appellant's fingerprints were not found on the marijuana, mitigated against a verdict of guilty. It is unnecessary to review each of these purportedly exonerating facts in light of the remainder of the evidence which, viewed in the light most favorable to the government, established that Appellant was a co-conspirator. Based upon our review of the record, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Johnson,* 357 F.3d 980, 983 (9th Cir.2004).

■ 2. Appellant also challenges his conviction for possession by arguing that even if the cooperating witnesses' testimony were believed, there was no evidence proving that he actually possessed the marijuana since none was found in his vehicle. It is well established, however, that "[p]ossession of a controlled substance with the intent to distribute may be constructive, as well as actual." *United States v. Grayson,* 597 F.2d 1225, 1229 (9th Cir. 1979). Proof of constructive possession requires evidence "showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which contraband is concealed." *United States v. Shirley,* 884 F.2d 1130, 1134 (9th Cir. 1989) (internal quotation marks omitted). Appellant's constructive possession of the marijuana in the cars driven by his co-conspirators was established by way of testimony indicating that Appellant directed and had control over the joint venture

to transport the marijuana from Nogales to Tuscon. Appellant's attempts to analogize this case to *United States v. Ramos–Rascon,* 8 F.3d 704 (9th Cir.1993), and to *United States v. Penagos,* 823 F.2d 346 (9th Cir.1987), are unavailing. Appellant was not just in the presence of the conspirators or a mere "look-out," but was found by the jury to be the organizer, manager, or supervisor of the conspiracy.

■ 3. Appellant objects to the two-level sentencing enhancement imposed by the district court for obstruction of justice. Although the judge's sentencing enhancement followed a finding by the jury that Appellant had obstructed justice, Appellant argues that the enhancement violated his constitutional rights because no such charge was included in the indictment. We review Appellant's constitutional challenge to his sentence de novo. *See United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002). Although judges have historically considered obstruction of justice in sentencing, Appellant points to the Supreme Court's holdings in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the proposition that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. The prescribed statutory maximum of life imprisonment for the counts charged in the indictment was clearly greater than the sentence imposed in this case and so the sentence did not implicate the mandates of *Blakely* or *Apprendi. See* 21 U.S.C. § 841(b).

■ Moreover, the District Judge was aware of the fact that the Sentencing

Guidelines are merely advisory and not mandatory and chose the sentence of 135 months as a matter within his discretion. Therefore, no constitutional infirmity could have been present even if the question of obstruction of justice had not been presented to the jury. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) ("A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system."). Finally, as acknowledged by defense counsel at the sentencing hearing, the objection to the two-level enhancement would be essentially moot if the sentence also fell within the guideline range that would have applied without the enhancement. The sentencing judge chose a sentence that was also within the lower range urged by Appellant and we find no error in the sentence.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.